# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| SUCCESSION OF HARRIET GOLSBY TRUSSELL, | CIVIL ACTION NO. 5:22-cv-01354 |
| **Plaintiff,** | JUDGE DONALD E. WALTER |
| VERSUS | MAGISTRATE JUDGE HORNSBY |
| TERESA DO, | |
| **Defendant.** | |

**AFFIRMATIVE DEFENSES, ANSWER
TO PETITION, AND COUNTERCLAIM AND
THIRD-PARTY COMPLAINT FOR INVENTORY,
SPECIFIC PERFORMANCE, AND DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes defendant Dr. Teresa Do ("Dr. Do"), who, in response to the Petition filed against her by plaintiff Succession of Harriet Golsby Trussell (the "Succession"), pleads as follows:

### FIRST AFFIRMATIVE DEFENSE

Dr. Do's signature on the alleged "loan contract" on which the Succession's action is based is a forgery. She neither signed that document nor authorized any person to sign it on her behalf.

### SECOND AFFIRMATIVE DEFENSE

Dr. Do did not agree to the terms of the alleged "loan contract" on which this action is based. The first time she ever saw that document was after Ms. Trussell had passed away.

### THIRD AFFIRMATIVE DEFENSE

The $150,000.00 transferred from Ms. Trussell to Dr. Do was a gift, not a loan.

### FOURTH AFFIRMATIVE DEFENSE

Given that a judgment of possession was entered in the Succession proceeding on November 20, 2021, the Succession lacks standing or a right of action to pursue its claims herein.

### FIFTH AFFIRMATIVE DEFENSE

Even if the Succession has standing to pursue the claims it asserts herein, it has failed to join indispensable and necessary parties to this litigation, namely Ms. Trussell's residuary legatees Christopher Lincoln Knight and Caleb Trussell (collectively, the "Residuary Legatees").

### SIXTH AFFIRMATIVE DEFENSE

In the event that the forged "loan contract" is enforced, Dr. Do pleads the affirmative defense of offset/set off for the value of the property Ms. Trussell willed to her but which she has never received (solely in the event that the specific performance requested in Dr. Do's counterclaim and third-party complaint herein is not possible).

### RESERVATION OF ADDITIONAL DEFENSES

Dr. Do reserves her rights to plead additional defenses as discovery is undertaken in this action and facts and evidence are revealed to her.

### ANSWER

**AND NOW**, in response to the specific allegations of the Succession's Petition, Dr. Do answers as follows:

1.

The allegations of paragraph 1 of the Petition assert legal conclusions for which no response is required, and to the extent that a further response is necessary, the Succession's right to recovery is denied. Further answering, the alleged "loan contract" is a forgery and does not evidence an agreement between her and Ms. Trussell.

2.

The allegations of paragraph 2 of the Petition are admitted.

3.

To the extent that paragraph 3 of the Petition implies that Dr. Do has any liability to the Succession under the alleged "loan contract," that paragraph is denied. Otherwise, the allegations of that paragraph are admitted.

4.

The allegations of paragraph 4 of the Petition are denied as written. Dr. Do admits that she is a medical doctor, but she denies that she attended medical school in Shreveport. Further answering, Dr. Do completed her residency in pediatrics at Louisiana State University School of Medicine from 2014 to 2017.

5.

The allegations of paragraph 5 of the Petition are denied as written. Dr. Do admits that she and Ms. Trussell were friends until she passed away. Dr. Do further admits that Ms. Trussell made the referenced payment, but she denies that it was a loan.

6.

The allegations of paragraph 6 of the Petition refer to a document, which is the best evidence of its contents, and therefore no response is required and to the extent that a further answer is necessary, the allegations are denied because the alleged "loan contract" is a forgery and does not evidence an agreement between Dr. Do and Ms. Trussell.

7.

The allegations of paragraph 7 of the Petition are denied.

8.

The allegations of paragraph 8 of the Petition are denied.

9.

Dr. Do admits that she made certain payments to Ms. Trussell over a period of time, but she denies that they were payments on the alleged "loan contract." Thus, the allegations of paragraph 9 of the Petition are denied as written.

10.

The allegations of paragraph 10 of the Petition refer to a document, which is the best evidence of its contents, and therefore no response is required and to the extent that a further answer is necessary, Dr. Do denies the allegations to the extent that they imply that the Succession has any claim against her. Dr. Do admits receiving the January 20, 2022 demand letter.

11.

The allegations of paragraph 11 of the Petition assert legal conclusions for which no response is required, and to the extent that a further response is necessary, the Succession's right to recovery is denied. Further answering, the alleged "loan contract" is a forgery and does not evidence an agreement between her and Ms. Trussell.

12.

The allegations of paragraph 12 of the Petition are admitted.

13.

The allegations of paragraph 13 of the Petition refer to documents, which are the best evidence of their contents, and therefore no response is required and to the extent that a further answer is necessary, Dr. Do denies the allegations to the extent that they imply that the Succession

has any claim against her. Dr. Do admits that she provided Ms. Trussell with a number of checks, but she did not do so in connection with the alleged "loan contract."

14.

The allegations of paragraph 14 of the Petition pertain solely to parties other than Dr. Do and therefore require no response and to the extent that a further answer is necessary, they are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of paragraph 15 of the Petition refer to documents, which are the best evidence of their contents, and therefore no response is required and to the extent that a further answer is necessary, Dr. Do denies the allegations to the extent that they imply that the Succession has any claim against her.

16.

The allegations of paragraph 16 of the Petition are denied as written, particularly to the extent that they imply that the Succession is entitled to recover under the alleged "loan contract."

17.

To the extent that paragraph 17 of the Petition implies that Dr. Do has any liability to the Succession under the alleged "loan contract," that paragraph is denied. Further, the allegations of paragraph 17 of the Petition are denied because they constitute legal conclusions for which no response is required.

18.

To the extent that paragraph 18 of the Petition implies that Dr. Do has any liability to the Succession under the alleged "loan contract," that paragraph is denied. Further, the allegations of

paragraph 18 of the Petition are denied because they constitute legal conclusions for which no response is required.

19.

The allegations of paragraph 19 of the Petition are denied.

**COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR
INVENTORY, SPECIFIC PERFORMANCE, AND DAMAGES**

**AND NOW**, assuming the position of counterclaimant and third-party plaintiff, comes Dr. Teresa Do, who pleads her counterclaim and third-party complaint as follows:

1.

Made defendant in this counterclaim and third-party complaint is the plaintiff, the Succession of Harriet Golsby Trussell.

2.

Also made defendant in this counterclaim and third-party complaint is John or Jane Doe ("Doe"), who, upon information and belief, is an individual of the age of majority who is domiciled in the Western District of Louisiana and is believed to be one of the Residuary Legatees.

3.

This Court possesses jurisdiction over the counterclaim pursuant to FED. R. CIV. PROC. 13, as the claims asserted herein are permissive counterclaims.

4.

Doe may be joined as a defendant to the third-party complaint pursuant to FED. R. CIV. PROC. 14(a)(3) because Dr. Do's claim against him or her arises out of the alleged "loan contract" that is the subject matter of the Succession's claim, and a significant common issue of fact relevant to the Succession's and Dr. Do's respective claims is the forgery of Dr. Do's signature on that document.

6

## COUNT 1: CLAIM FOR INVENTORY AND SPECIFIC PERFORMANCE

5.

On June 7, 2019, Harriet Golsby Trussell executed her Last Will and Testament (the "Will"), "revoking all prior wills and codicils." Exhibit A, at p. 6.

6.

The Will included the following bequests pertinent to Dr. Do's claim:

> I give and bequeath to Teresa Do my painting titled Lady in Black, Louis XV style walnut dresser, three (3) other paintings of her choice.

*Id.* at p. 7 (the "Specific Bequests").

7.

Ms. Trussell passed away on January 23, 2021.

8.

Following Ms. Trussell's passing, her residuary legatees Christopher Lincoln Knight and Caleb Trussell filed a verified "Petition for Probate of Statutory Will and Confirm Independent Executor" in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, Case No. 628568, Division "A". *See generally* Exhibit A (the "Petition" and the "Succession Proceeding").

9.

In the Petition, the Residuary Legatees admitted that the Will is valid and agreed that Ms. Trussell "was of sound mind, was fully competent to execute his [sic] last will and testament and was not under any undue influence." *Id.* at p. 1.

10.

On October 20, 2021, a Judgment of Possession was entered in the Succession Proceeding recognizing the Specific Bequests and putting Dr. Do into possession of them:

> Teresa Do, whose mailing address is 222 South Caldwell Street, Unit 1501, Charlotte, North Carolina, is recognized as the particular legatee of the decedent, HARRIET GOLSBY TRUSSELL, and, as such, entitled to the ownership and are hereby sent and put into possession of decedent's painting titled Lady in Black, Louise [sic] XV style walnut dresser, and three (3) other paintings of her choice.

Exhibit B.

### 11.

To date, possession of the Specific Bequests has not been tendered to Dr. Do.

### 12.

Request has been made for Dr. Do to be given possession of the Specific Bequests, to no avail.

### 13.

Upon information and belief, the Residual Legatees or either of them have intentionally withheld the Specific Bequests from Dr. Do in violation of the Judgment of Possession.

### 14.

Dr. Do is entitled to an inventory of all paintings owned by Ms. Trussell at the time of her death so that she may select three of them, consistent with the Specific Bequests.

### 15.

Dr. Do is entitled to judgment in her favor and against the Succession compelling the Succession to tender possession of the Specific Bequests to her once she selects three paintings from the inventory.

## COUNT 2: DAMAGES

### 16.

Dr. Do's signature on the alleged "loan contract" on which the Succession's action is based is a forgery.

17.

She neither signed that document nor authorized any person to sign it on her behalf.

18.

Dr. Do did not agree to the terms of the alleged "loan contract" on which this action is based.

19.

The first time she ever saw that document was after Ms. Trussell had passed away.

20.

Upon information and belief, Doe drafted the alleged "loan contract" after Ms. Trussell's death and reproduced Dr. Do's signature on the bottom of that "loan contract" by using one of the checks she provided to Ms. Trussell prior to her death.

21.

Upon information and belief, the Succession is not in possession of an original copy of the alleged "loan contract."

22.

Doe's forgery of Dr. Do's signature on the alleged "loan contract" constitutes fraud.

23.

That fraud and the Succession's baseless lawsuit to enforce a forged document have caused damages to Dr. Do for which Doe and the Succession are liable.

**NOTICE OF INTENT TO AMEND**
**COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Dr. Do hereby gives notice of her intent to amend her counterclaim and third-party complaint to replace Doe with the party who perpetrated the fraud described in Count 2 once his or her identity is ascertained in discovery.

WHEREFORE, as defendant Dr. Teresa Do prays that, after due proceedings, there be judgment in her favor and against defendant Succession of Harriet Golsby Trussell Succession, dismissing the Succession's claims with prejudice at the Succession's cost. As counterclaimant and third-party plaintiff, Dr. Teresa Do prays that after due proceedings:

1. That there be judgment in her favor and against defendant Succession of Harriet Golsby Trussell Succession compelling the production of an inventory of all paintings owned by Ms. Trussell at the time of her death;

2. That there be judgment in her favor and against defendant Succession of Harriet Golsby Trussell Succession compelling the Succession to tender possession of the Specific Bequests to Dr. Do once she selects three paintings from the inventory;

3. That there be judgment in her favor and against defendants Succession of Harriet Golsby Trussell Succession and John or Jane Doe awarding all damages Dr. Do has sustained due to the forgery of her signature on the alleged "loan contract"; and

Dr. Do further prays for all other further relief to which she is entitled by law or equity.

Respectfully submitted,

**DWYER, CAMBRE & SUFFERN, APLC**


 s/ Ryan M. McCabe
RYAN M. McCABE (31254) (T.A.)
3000 W. Esplanade Avenue, Suite 200
Metairie, Louisiana 70002
Telephone: (504) 838-9090
Facsimile: (504) 838-9187
Email: rmccabe@dwyercambre.com

Attorney for Defendant Dr. Teresa Do

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been duly served upon all counsel of record via electronic transmission this 30th day of November, 2022.

       /s/ Ryan M. McCabe