UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| SUCCESSION OF HARRIET GOLSBY TRUSSELL | CIVIL ACTION NO. 22-01354 |
| VERSUS | JUDGE DONALD E. WALTER |
| TERESA DO | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by the Defendant, Teresa Do. See Record Document 27. For the reasons that follow, Teresa Do's motion for summary judgment is **DENIED**.

## BACKGROUND

On January 23, 2021, Harriet Goldsby Trussell ("Ms. Trussell") passed away, and her succession was opened under Suit Number 628,568 in the First Judicial District Court for the Parish of Caddo, State of Louisiana. See Record Document 1-1 at ¶ 2. Plaintiff, Succession of Harriet Goldsby Trussell ("the Succession"), filed a suit against Defendant, Teresa Do, seeking the balance due under an alleged contract. See Record Document 1-1 at ¶ 1. The Succession alleged that Ms. Trussell and Teresa Do entered into a loan contract signed by both parties for $150,000.00. See Record Document 1-1 at ¶ 5. The alleged contract provides,

> This agreement is between Harriet Trussell and Teresa Do. I have loaned Teresa Do $150,000, which she has promised to pay back. Payments are to be made at the first of each month for $1,082.02 until loan is paid in full.

Record Document 1-1 at 6.

In addition, the Succession attached a promissory note between Trussell and Associates and a lender, Home Federal Bank, as evidence. See Record Document 29-3. The terms of

1

promissory note provided for a principal balance of $150,000.00 with a loan date of February 20, 2019, and a maturity date of February 20, 2022. See id. An affidavit was submitted by a commercial banking officer, K. Matthew Sawire, who had a business relationship with Ms. Trussell for fifteen years. See Record Document 29-2 at ¶ 2. The affidavit explained that the loan with Home Federal Bank was a thirty-six-month loan with $1,082.02 to be drafted from the Trussell & Associates account each month and a final payment of approximately $138,433.12. See id. at ¶ 6. The Succession submitted an affidavit by Ms. Trussell's Certified Public Accountant, Heath Crager, that the $150,000.00 from Ms. Trussell to Teresa Do was categorized as a loan, and no gift tax return was filed. See Record Document 29-1 at ¶ 5.

Both parties provided evidence that Teresa Do wrote checks to Ms. Trussell for $1,083.00, equivalent to the alleged monthly payments due under the loan contract, on the first of every month from March 2019 to February 2021, excluding September 2020. See Record Document 29-3; see Record Document 27-3 at ¶ 6. On February 1, 2021, nine days after Ms. Trussell's death, the Succession's executor attempted to deposit a check from Teresa Do for $1,083.00, but the account was closed. See Record Document 1-1 at ¶ 14. Teresa Do has not made another payment under the alleged loan contract. See Record Document 1-1 at ¶ 16. The Succession claimed that Teresa Do owes the Succession $125,091.00 for the remaining balance on the contract and an additional $2,166.00 for judicial interest, court costs, and attorney's fees. See Record Document 1-1 at ¶¶ 17-18.

Teresa Do answered the complaint, arguing that the alleged loan contract was a forgery. See Record Document 20 at ¶ 2. Teresa Do stated in her affidavit that she never saw nor signed the alleged loan contract. See Record Document 27-3 at ¶ 9. Teresa Do contended that the $150,000.00 was a gift from Ms. Trussell, not a loan. See Record Document 20 at ¶ 3; see Record

2

Document 27-3 at ¶ 4. With the understanding that this was a gift, Teresa Do alleged that she made monthly payments equal to the line of credit's monthly payment as a token of gratitude. See Record Document 27-3 at ¶ 6.

In addition, Teresa Do filed a counterclaim requesting specific performance for the Succession to deliver the specific bequests to Teresa Do that Ms. Trussell left in her will. See Record Document 20 at 8, ¶ 15. In her will, Ms. Trussell bequeathed to Teresa Do her "painting titled Lady in Black, Louis XV style walnut dresser, and three (3) other paintings of her [Teresa Do's] choice." Record Document 27-7 at ¶ 4. On October 20, 2021, the state court in Ms. Trussell's Succession entered a judgment of possession providing that "Teresa Do … is recognized as the particular legatee of the decedent, HARRIET GOLSBY TRUSSELL, and, as such, is entitled to the ownership and is hereby sent and put into possession in decedent's painting titled Lady in Black, Louise XV style walnut dresser, and three (3) other paintings of her choice." Record Document 27-8 at ¶ 2. Teresa Do asserted that she has not received possession of Ms. Trussell's specific bequests. See Record Document 20 at 8, ¶ 12.

## LAW AND ANALYSIS

**A. Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. See id. "[A]

party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (quoting Fed. R. Civ. P. 56(c)).

### B. Promissory Note.

Defendant, Teresa Do, filed this motion for summary judgment and a statement of material facts asserting there is no genuine dispute as to any material fact. See Record Document 27. Teresa Do argued that due to nature of the relationship between her and Ms. Trussell, "Ms. Trussell was clear and explicit that the money was a gift and that she did not expect to be repaid." Record Document 27-2 at ¶ 2. In her affidavit, Teresa Do maintained that she never discussed any repayment terms with Ms. Trussell. See id. at 10. She further asserted that she did not sign nor authorize anyone to sign the alleged contract attached as Exhibit 1 to the Succession's Petition, and she never even saw the alleged contract until after Ms. Trussell passed away. See id. at ¶ 6.

Teresa Do contended that she believed that the $150,000.00 was a gift from Ms. Trussell, not a loan. See id. at ¶ 4. She alleged that she only made monthly payments equal to the line of credit's monthly payment as a token of her gratitude. See id. Therefore, Teresa Do's position is that the contract is a forgery. Due to these allegations, Teresa Do argued that the Succession failed to meet its burden of proof, and Teresa Do is entitled to summary judgment. See Record Document 27.

"A party who demands performance of an obligation must prove the existence of the obligation by a preponderance of the evidence." Artificial Lift, Inc. v. Prod. Specialties, Inc., 626

4

So. 2d 859, 862 (La. App. 3d Cir. 1993) (citing La. Civ. Code art. 1831). The Succession alleged that Ms. Trussell and Teresa Do entered into a loan contract signed by both parties for $150,000.00. See Record Document 1-1 at ¶ 5. The Succession bears the burden of proof. To prove the existence of a promissory note, "a lender must prove (1) that the person against whom enforcement is sought executed the note, (2) that the note is in default, (3) that the lender is entitled to enforce the note, and (4) the outstanding amount of the debt." Sheppard v. Progressive Bank, 2022-57 (La. App. 3 Cir. 10/5/22), 2022 WL 5062423, *2 (citing Nat'l Collegiate Student Loan Trust 2003-1 v. Thomas, 48,627 (La. App. 2 Cir. 11/20/13), 129 So.3d 1231).

As previously mentioned, the Succession produced a copy of the alleged "Loan Contract" which provides,

> This agreement is between Harriet Trussell and Teresa Do. I have loaned Teresa Do $150,000, which she has promised to pay back. Payments are to be made at the first of each month for $1,082.02 until loan is paid in full.

Record Document 1-1 at 6. The document appears to bear the signatures of Ms. Trussell and Teresa Do. See id. The Succession provided evidence of Teresa Do's checks to Ms. Trussell for $1,083.00 on the first of every month from March 2019 to February 2021, which was equivalent to the monthly payments due under the loan contract with Home Federal Bank. See Record Document 29-3; See Record Document 29-3. The Succession submitted an affidavit by her Certified Public Accountant, Heath Crager, that the $150,000.00 provided by Ms. Trussell was categorized as a loan, and no gift tax return was filed. See Record Document 29-1 at ¶ 5.

Attached to the motion for summary judgment, Teresa Do provided this Court with a copy of text messages exchanged between Teresa Do and Ms. Trussell from December 2017 to February 2021. See Record Document 27-5. Teresa Do's argument is that "neither Ms. Trussell nor [Teresa] Do characterized the $150,000 payment as a 'loan' a single time over 178 pages of text messages

5

or mention the so-called 'Loan Contract.'" Record Document 27-1 at 6, ¶ 1. Although neither Ms. Trussell nor Teresa Do referred to a loan, there were multiple occasions when payment was discussed. See Record Document 27-5 at 97, 130, 134, 164, 167. Specifically, on March 7, 2019, the evidence showed that Ms. Trussell sent a text message to Teresa Do which stated, "Payment is $1082.02 per month make payable to Trussell & Assoc[.]" See id. at 97. Additionally, on August 2, 2020, Ms. Trussell sent a text message to Teresa Do which stated, "Not depositing check this month." See id. at 164. In response to that message, Teresa Do thanked Ms. Trussell and expressed her gratitude. See id. The evidence presented by Teresa Do raises issues for this Court to further explore. Therefore, a better course would be to proceed to a full trial. See Kunin v. Feofanov, 69 F.3d 59, 62 (5th Cir. 1995).

In light of the foregoing, this Court finds that the Succession has met its burden to prove that a genuine dispute of material facts exist as to whether Teresa Do's signature is authentic and whether Ms. Trussell intended to enter into a contract with Teresa Do. Teresa Do's motion for summary judgment regarding the alleged contract loan claim is denied.

## C. Counterclaim.

Teresa Do filed a counterclaim requesting specific performance for the Succession to deliver the specific bequests that Ms. Trussell left in her will for Teresa Do. See Record Document 20 at 8, ¶ 15. Permissive counterclaims[1] require "an independent jurisdictional basis for this court

---

[1] Under Rule 13(a)(1), a compulsory counterclaim is one that "(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). Counterclaims that are not compulsory are permissive. See Fed. R. Civ. P. 13(b). Teresa Do's counterclaim is not compulsory because it did not arise out of the transaction or occurrence as the alleged loan contract claim. The resolution of the enforcement of the state court's judgment will require a different legal and factual analysis than the alleged contract claim governed by Louisiana contract law. See Tank Insulation Int'l, Inc. v. Insultherm, Inc., 104 F.3d 83, 85–86 (5th Cir.1997). Therefore, the counterclaim is a permissive counterclaim.

to exercise subject-matter jurisdiction over them." Jackson v. Hardrock Landscapes, LLC, No. 1:21-CV-1003-DH, 2023 WL 2672402, at *4 (W.D. Tex. Mar. 28, 2023).

Federal courts are courts of limited jurisdiction. See In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 668 F.3d 281, 286 (5th Cir. 2012). Federal courts are obliged to ensure that subject matter jurisdiction exists to hear the matter before reaching the merits of the claim. See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430–431 (2007); see also Smith v. Tex. Children's Hospital, 172 F.3d 923, 925 (5th Cir.1999). A court must raise the issue sua sponte if it discovers that it lacks subject matter jurisdiction. See Giles v. Nylcare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir.1999). The party asserting jurisdiction always has the burden of proof as to a Rule 12(b)(1) motion to dismiss. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

Federal courts maintain subject matter jurisdiction over (1) "actions arising under the Constitution, laws, or treaties of the United States[,]" and (2) actions in which there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331; see 28 U.S.C. § 1332(a). The answer fails to provide any factual basis that the amount in controversy requirement of diversity of citizenship subject matter jurisdiction is met. Additionally, the answer fails to provide any factual or legal basis for this Court to exert federal question subject matter jurisdiction over this claim. See Record Documents 20 and 27. Based on the evidence presented before this Court, the parties have not provided enough evidence to show that this Court may enjoy subject matter jurisdiction over this counterclaim. Therefore, Teresa Do's counterclaim is dismissed without prejudice for lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Teresa Do's motion for summary judgment (Record Document 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Teresa Do's counterclaim **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of October, 2023.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE